UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ALEXEY NAZARENKO,

                          Petitioner,

                                                                    **MEMORANDUM**
            v.                                                      **AND ORDER**
                                                                    26-CV-3098-SJB

KENNETH GENALO, et al.,

                          Respondents.
------------------------------------------------------------------X
**BULSARA, United States District Judge:**

On May 25, 2026, Respondents filed an answer to the petition in this case. (Resp'ts' Letter filed May 25, 2026 ("Resp'ts' Letter"), Dkt. No. 8). That response contained as an exhibit an INA § 236(a) Initial Custody Determination ("INA § 236(a)"). (Initial Custody Determination, attached to Resp'ts' Letter as Ex. E, Dkt. No. 8-2). The document was redacted—including the date and time of the arrest of Petitioner and the "Discussion" outlining the basis for a finding of dangerousness. (*Id.* at 1). ICE took it upon itself to redact the document, claiming it had been "authorized for release on the condition that certain information, regarding the assessment of dangerousness, be redacted." (Decl. of Henry Tsang ("Tsang Decl."), Dkt. No. 8-1 ¶ 21). The Court immediately noted that the filing of such a document violated its Individual Practices. (*See* Order dated May 25, 2026). And importantly, there was no version of the document filed on the docket for the Court to view in unredacted form. In other words, ICE expected the Court to accept that it properly conducted an evaluation of Petitioner's dangerousness, and the basis for detaining Petitioner, but shield its rationale from the Court. Such practices are repugnant to the rule of law, and ICE is

warned that further obfuscation and misuse of sealing and redaction before the undersigned will lead to sanctions against the agency.  The Court herein details the reasons why it will not tolerate such practices in the future.

To its credit, upon order that the information be provided to the Court, the United States Attorney's Office filed an unredacted version of the document on the docket.  With that unredacted version there was a motion to seal, to keep the information from all public view.  (Resp'ts' Mot. to Seal dated May 25, 2026 ("Resp'ts' Mot. to Seal"), Dkt. No. 9).  The motion is denied.

The motion claims that the information contained therein is protected by the law enforcement privilege.  (*Id.* at 1).  This misapprehends the posture of the case and the filing.  The Court is not conducting a discovery exchange with the parties, where one side can claim privilege and avoid scrutiny of a document.  Respondents have relied upon the INA § 236(a) to justify their detention of Petitioner, an extraordinary remedy in a *civil* proceeding, and to respond to the allegation that his detention violated due process.  Having produced the document, Respondents cannot assert a privilege over its contents.  They cannot also rely on the document but then shield its contents from the other side (and the Court).  *See In re Sims*, 534 F.3d 117, 132 (2d Cir. 2008) ("[A] party cannot partially disclose privileged communications or affirmatively rely on privileged communications *to support its claim or defense* and then shield the underlying communications from scrutiny by the opposing party." (quotation omitted)).  "The unfairness courts have found which justified imposing involuntary forfeiture [of a privilege] generally resulted from a party's advancing a claim to a court or jury (or

2

perhaps another type of decision maker) while relying on its privilege to withhold from a litigation adversary materials that the adversary might need to effectively contest or impeach the claim." *Id.* at 138 (quotation omitted). And that unfairness arises when Respondents seek to use the existence of a custody determination to argue—as they have—that Petitioner received due process but simultaneously preclude him (and the Court) from examining the basis on which the challenged decision was rendered. Privileges cannot be used as a shield and a sword.

The law enforcement privilege also is simply unavailable. As an initial matter, "[n]o affidavits have been submitted to the Court . . . making an official claim of privilege by the executive level officials of the departments having control over the requested information, i.e. ICE, OIA and USASDNY, based on personal consideration by those officials of the matter, specifying the information for which the privilege is claimed and explaining why it falls properly within the scope of the privilege." *United States v. Painting Known as "Le Marche,"* No. 06-CV-12994, 2008 WL 2600659, at *3 (S.D.N.Y. June 25, 2008). That alone makes the privilege out of reach for Respondents: "[n]either an unofficial invocation of the law enforcement privilege by counsel representing the government nor that counsel's assertions, with respect to the privilege, can be used to meet the threshold requirements imposed on the party invoking the law enforcement privilege." *Id.*; *see also In re Sealed Case*, 856 F.2d 268, 271 (D.C. Cir. 1988) (To assert the privilege: "(1) there must be a formal claim of privilege by the head of the department having control over the requested information; (2) assertion of the privilege must be based on actual personal consideration by that official; and (3) the information

3

for which the privilege is claimed must be specified, with an explanation why it properly falls within the scope of the privilege.").

But even the conclusory assertions offered by Respondents do not satisfy the assertion of the privilege. The privilege applies to "law enforcement techniques and procedures, information that would undermine the confidentiality of sources, information that would endanger witness and law enforcement personnel or the privacy of individuals involved in an investigation, and information that would otherwise interfere with an investigation." *In re City of New York*, 607 F.3d 923, 944 (2d Cir. 2010) (quotation omitted). Respondents assert privilege over the basis of an ICE custody determination. But custody determinations have nothing to do with law enforcement techniques, sources, or privacy. Custody determinations are not privileged—they are subject to review by supervisors, agencies, and courts, and are not conducted in secret. And as applied to the determination here, Respondents appear to believe that because the ICE officer relied on an Interpol notice to detain Petitioner—they are entitled to invoke the privilege. But an Interpol notice is not a secret law enforcement technique. The existence of an Interpol notice is often a matter of public record. The fact that a notice exists against a person tells us nothing about law enforcement techniques or any matter that falls comfortably within the privilege. For example, it is not information "pertain[ing] to ICE's removal operations and techniques and the logistics of removal." *Montrevil v. Decker*, No. 20-CV-0264, 2021 WL 11690690, at *6 (E.D.N.Y. July 19, 2021). In this case, the reference to the Interpol notice—that it was used to detain Petitioner—reveals no more information about the notice and ICE's

4

use of the document than would be apparent from a privilege log. *E.g., Aguilar v. Immigr. & Customs Enf't Div. of the U.S. Dep't of Homeland Sec.*, 259 F.R.D. 51, 60 (S.D.N.Y. 2009).

If it is redaction that Respondents seek—that is, to prevent the public from knowing the content of the document—then they should have argued that redaction satisfied the *Lugosh* factors. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006). Those factors govern the protection of certain information from public disclosure, notwithstanding the First Amendment interests in public access. Respondents do not acknowledge those factors (though they are in the Court's Individual Practices, (*see* Individual Practices (Civil) § III(G)), let alone attempt to satisfy them.

In any event, there is no basis for permitting redaction. "[I]t is well established that the public and the press have a qualified First Amendment right to attend judicial proceedings and to access certain judicial documents. . . . The Second Circuit has extended this right of access to civil trials, pretrial suppression hearings, plea agreements and plea hearings, information on the payment of court-appointed counsel, bail hearings, live *voir dire* proceedings, sentencing hearings, and even administrative hearings." *Wessler v. U.S. Coast Guard*, No. 19-CV-0385, 2020 WL 10232966, at *4 (E.D.N.Y. Sep. 10, 2020) (quotation omitted). The custody form—and the basis for custody—fits comfortably within this scope of documents for which public access is generally accorded. And the document is central to the Court's decision-making on the petition. As the Court's decision granting the writ—which analyzes the legal basis for

5

ICE's conclusion about Petitioner's dangerousness, concluding it violated due process, (Mem. & Order dated May 26, 2026, Dkt. No. 11 at 9)—illustrates, this document is a quintessential judicial document.  *Cf. United States v. Graham*, 257 F.3d 143, 154 (2d Cir. 2001) ("The detention of criminal defendants pending trial is a quintessential exercise of a court's Article III judicial power, and the public has a legitimate interest in monitoring a court's use of that power.") (holding that materials relied on by a district court in making bail determinations are entitled to a strong presumption of public access).[1]

The motion to seal and redact the INA § 236(a) is denied.


SO ORDERED.

*/s/ Sanket J. Bulsara*
SANKET J. BULSARA
United States District Judge


Date:  May 27, 2026
       Central Islip, New York

---

[1] ICE's position is also inconsistent.  In another case before the undersigned, the existence of an Interpol Red Notice was disclosed in a public filing, discussed in open court during testimony from ICE officers, and was part of arguments in favor of detention and denial of the writ—all without any assertion of privilege or request for redaction.  *See Yeleshev v. LaRocco*, No. 26-CV-2294, 2026 WL 1353806, at *4–*6 (E.D.N.Y. May 14, 2026).